1  BEVERLY A. BRADSHAW, Bar No. 266663
   BRADSHAW LEGAL
2  23986 Aliso Creek Road #332
   Laguna Niguel, CA 92677
3  Telephone: 949.988.0061
   Facsimile: 949.878.9760
4  Attorneys for Defendant Fallbrook Animal Hospital

5  SCHNEIDERS & ASSOCIATES LLP
   By: Georgianna Regnier (State Bar #102437)
6  300 E. Esplanade Drive, Ste. 1980
   Oxnard, CA 93036
7  (805) 764-6370
   (805) 981-1133(fax)
8  E-mail: gregnier@rstlegal.com
   Attorneys for Defendants Nabil and Suzan Nasre
9

10

11

12              **UNITED STATES DISTRICT COURT**

13              **SOUTHERN DISTRICT OF CALIFORNIA**

14

15  BRYAN ESTRADA,                      Case No. 3:21-CV-01553-L-BGS

16              Plaintiff,              Judge: Honorable M. James Lorenz
                                               Honorable Bernard G. Skomal
17         v.

18  DEFENDANT FALLBROOK               **JOINT OPPOSITION OF**
    ANIMAL HOSPITAL, INC., NABIL      **DEFENDANTS FALLBROOK**
19  NASRE AND SUZAN NASRE, et al.,    **ANIMAL HOSPITAL, INC., NABIL**
                                      **NASRE AND SUZAN NASRE TO**
20              Defendants.           **PLAINTIFF BRYAN ESTRADA'S**
                                      **MOTION TO STRIKE**
21

22                                    Trial Date:      None.

23

24

25

26

27

28

---

## I.   **INTRODUCTION**

Motions to strike affirmative defenses "are not favored by the federal courts because of their somewhat dilatory and often harassing character." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381, pp. 421-425 (3d ed.).  Plaintiff Bryan Estrada's ("Plaintiff")'s Motion to Strike Affirmative Defenses exemplifies this.  Plaintiff seeks an order striking *every* single one of the fourteen affirmative defenses in Defendant Fallbrook Animal Hospital's ("Fallbrook") answer and each of the ten affirmative defenses asserted by the Defendants Nabil Nasre and Suzan Nasre (collectively "Nasres") (Fallbrook and Nasres collectively as "Defendants").  Rather than agree to an early resolution of the dispute or litigate the case on its merits, Plaintiff seeks to manufacture unnecessary attorney's fees and prolong this case.  The Court should deny Plaintiff's Motion for several reasons.

First, Plaintiff failed to show that he would suffer prejudice if Defendants' affirmative defenses remain—in fact, Plaintiff fails to address the issue of prejudice at all.  Second, Plaintiff's discussion of every affirmative defense is flawed because he misapplies the heightened "*Twombly/Iqbal*" pleading standard applicable to complaints, when the Ninth Circuit only requires that an *affirmative defense* provide "fair notice."  As courts have recognized, plaintiffs have months or even years to prepare their complaints, while defendants have only 21 days and must assert an affirmative defense or waive it.  Thus, it would be unfair to force defendants to include the same amount of detail in their affirmative defenses as plaintiffs include in their complaints.  Third, Defendants' affirmative defenses are legally sufficient and give Plaintiff fair notice.

If the Court strikes any of Defendants' affirmative defenses, Defendants respectfully request leave to amend their answers.

DEFENDANTS' JOINT OPPOSITION TO MOTION TO STRIKE

## II.    <u>LEGAL STANDARD</u>

### A.    <u>Motions to Strike Are Disfavored</u>

Motions to strike are "generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Mireles v. Paragon Sys. Inc.*, No. 3:13-CV-00122-L-BGS, 2013 WL 3450090, at *1 (S.D. Cal. July 9, 2013) (citing *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)); *see also Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (same).  "Accordingly, once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense.'" *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).

When considering a motion to strike, the court "must view the pleadings in a light most favorable to the pleading party." *Mireles*, 2013 WL 3450090, at *1 (citing *In re 2TheMart .com, Inc.,* 114 F. Supp. 2d 955, 965 (2000)).

Furthermore, as discussed further below, motions to strike "are disfavored in the absence of prejudice.... [A] motion to strike is a severe measure and it is generally viewed with disfavor [and is] not normally granted unless prejudice would result to the movant from the denial of the motion." *Lin v. Suavei, Inc*., No. 3:20-CV-0862-L-AHG, 2021 WL 3913455, at *6 (S.D. Cal. Sept. 1, 2021) (quoting *Wailua Associates v. Aetna Cas. & Sur. Co*., 183 F.R.D. 550, 555 (D. Haw. 1998)).

1

## B.     An Affirmative Defense Need Only Give Fair Notice.

2

3       Under Federal Rule of Civil Procedure 8(c), Defendants' need only

4 "*affirmatively state*" their affirmative defenses.  As the Ninth Circuit explained,

5 "The key to determining the sufficiency of pleading an affirmative defense is

6 whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607

7 F.2d 824, 827 (9th Cir. 1979).  "With respect to some defenses, 'merely pleading the

8 name of the affirmative defense ... may be sufficient.'" *Mag Instrument, Inc. v. JS*

9 *Prod., Inc.*, 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008) (citing *Woodfield v.*

10 *Bowman*, 193 F.3d 354, 361 (5th Cir. 1999)).

11       While he references this fair notice standard in passing, Plaintiff mistakenly

12 argues that the Court should apply the heightened standard for *complaints* set forth

13 by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and

14 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (Mot., Dkt. No. 9-1 at 3–4).  Federal

15 Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain

16 statement of the claim *showing* that the pleader is entitled to relief" (emphasis

17 added); under *Twombly* and *Iqbal*, Rule 8(a)(2) requires showing "enough facts to

18 state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  But

19 the high court never suggested that this standard should also govern *affirmative*

20 *defenses*.

21       Indeed, "the Ninth Circuit has held that the Supreme Court's *Twombly/Iqbal*

22 standard does not apply to affirmative defenses." *Cota v. Aveda Corp*., No.

23 320CV01137BENBGS, 2020 WL 6083423, at *3 (S.D. Cal. Oct. 14, 2020) (citing

24 *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *see also J &*

25 *J Sports Prods., Inc. v. Olivo*, No. 14-CV-02766-L BGS, 2015 WL 3604457, at *1

26 (S.D. Cal. June 8, 2015) (Lorenz, J.) ("The Ninth Circuit has declined to extend the

27 heightened pleading standard promulgated in [*Twombly*] to affirmative defenses.")

28 (citing *Kohler v. Islands Restaurants*, LP, 280 F.R.D. 560, 565–66 (S.D. Cal. 2012);

DEFENDANTS' JOINT OPPOSITION TO MOTION TO STRIKE

1  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)).

2  After *Twombly* and *Iqbal*, the Ninth Circuit held that "[t]he key to determining the

3  sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair

4  notice of the defense." *Simmons*, 609 F.3d at 1023 (quoting *Wyshak*, 607 F.2d at

5  827).  For example, in *Kohler,* the Ninth Circuit held that the conclusory assertion of

6  "equivalent facilitation" as an affirmative defense was sufficient, explaining that the

7  "fair notice" required by the pleading standards only requires describing the defense

8  in "general terms."  779 F. 3d at 1019.[1]

9       The Ninth Circuit's view is in harmony with the plain language of Rule 8.

10  While Rule 8(a) requires that a plaintiff provide "a short and plain statement of the

11  claim *showing* that the pleader is entitled to relief," in contrast Rule 8(c) only

12  requires that a defendant "'affirmatively *state*' its affirmative defenses."  (Emphasis

13  added).  *Islands Restaurants.*, 280 F.R.D. at 566.  The *Twombly* holding that a

14  complaint must establish factual plausibility is based on Rule 8(a)'s requirement that

15  the pleader "show" entitlement to relief.  *Id*.  On the other hand, parties like

16  Fallbrook and Nasres pleading an affirmative defense only needs to "state" — not

17  show entitlement to — its defense.  *Id*.

18       Moreover, strong policy reasons exist for applying different pleading

19  standards to complaints and affirmative defenses.  A plaintiff has unlimited time to

20  compose a complaint, but a defendant only has 21 days to respond and assert

21  affirmative defenses.  *Islands Restaurants.*, 280 F.R.D. at 566 (citing *Holdbrook v.*

22  *SAIA Motor Freight Line, LLC*, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010)).

23

24

25

―――――――――――――――

26       [1] District courts nationwide differ on this issue: some courts have extended
the *Twombly/Iqbal* standard to affirmative defenses, while others have rejected this
27  approach and applied *Wyshak's* fair notice standard.  *Islands Rests.*, 280 F.R.D. at
565–66 (noting the split of opinion).
28

**III.**   **ARGUMENT**

**A.**   **The Court Should Deny Plaintiff's Motion Because He Fails to Show Prejudice.**

The Court should deny Plaintiff's motion out of hand because he fails to show, let alone discuss, prejudice.

"Because motions to strike are often used as delaying tactics, they are generally disfavored and are rarely granted in the absence of prejudice to the moving party." *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014) (citation and internal quotation marks omitted); *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 WL 2326369, *2 (N.D. Cal. 2004) ("motions to strike are rarely granted in the absence of a showing of prejudice to the moving party"); *Achievement & Rehabilitation Centers, Inc. v. City of Lauderhill*, 2012 WL 6061762, *1 (S.D. Fla. 2012) ("Motions to strike are regularly denied unless the challenged allegations… may cause some form of significant prejudice to one or more of the parties to the action."); *Smith v. Wal–Mart Stores*, No. C 06–2069 SBA, 2006 WL 2711468, *10 (N.D. Cal. Sept. 20, 2006) (to prevail on a motion to strike, "the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant"); 2-12 Moore's Federal Practice-Civil § 12.37 (same).

"Where the moving party cannot adequately demonstrate . . . prejudice, courts frequently deny motions to strike even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." *N.Y.C. Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (citation omitted). "Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 3d § 1381; *see also*

1  Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide; Fed. Civ. Proc. Before Trial §

2  9:376 (Rutter Group 2013) ("[A] motion to strike is usually a waste of time and

3  money without such a showing").  "[W]hen there is no showing of prejudicial harm

4  to the moving party, the courts generally are not willing to determine disputed and

5  substantial questions of law upon a motion to strike." *Augustus v. Bd. of Public*

6  *Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *Fabing v.*

7  *Lakeland Regional Medical Center*, 2013 WL 593842, *2 (M.D. Fla. 2013) (calling

8  Rule 12(f) "draconian sanction"); *Simmons*, 609 F.3d at 1023 ("Although Rule 8

9  requires affirmative defenses to be included in responsive pleadings, absent

10  prejudice to the plaintiff, the district court has discretion to allow a defendant to

11  plead an affirmative defense in a subsequent motion").

12      In *Chipotle Mexican Grill, Inc.*, 303 F.R.D. at 628–29, the court agreed that

13  some of the defendant's defenses were not "truly affirmative in nature" but denied

14  the "plaintiffs' motion to strike them because [the] plaintiffs have failed to show

15  they will suffer prejudice if the defenses are left in the defendants' Answer."  The

16  court reasoned that it could not "conceive how these defenses will 'cost both parties

17  and the court unnecessary time and resources,'" noting, instead, that "it is more

18  likely the parties and the court have already needlessly expended more resources on

19  this motion." *Id.*

20      While courts may find prejudice "where superfluous pleadings may confuse

21  the jury, or where a party may be required to engage in burdensome discovery

22  around frivolous matters." *J & J Sports Prods., Inc. v. Luhn,* Civ. No. 2:10–3229

23  JAM CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011) (citations omitted),

24  in this case, Plaintiff has not met his burden to show prejudice.  He doesn't even

25  address the issue.  Thus, the Court should deny Plaintiff's entire motion on this

26  ground alone.

27

28

**B.    Fallbrook's and Nasres' Affirmative Defenses are Legally Sufficient and Give Fair Notice.**

Not only should the Court deny Plaintiff's motion because he has suffered no prejudice, but the Court should also deny the motion for the independent reason that each of Fallbrook's and Nasres' affirmative defenses is legally sufficient and gives Plaintiff fair notice:

**1.    Failure to State a Claim (Fallbrook's First Affirmative Defense and Nasres' Third Affirmative defense )**

Plaintiff contends that Fallbrook's first affirmative defense and Nasres' third affirmative defense of "failure to state a claim" actually asserts that Plaintiff has not met his burden of proof and therefore is not a true affirmative defense.  Although some courts hold failure to state a claim is not an affirmative defense, other courts hold that it is.  *See, e.g., Hernandez*, 2007 WL 1649911, at *2 (denying motion to strike failure to state a claim as an affirmative defense); *Saniefar v. Moore*, No. 117CV00823LJOBAM, 2018 WL 3020458, at *3 (E.D. Cal. June 18, 2018) ("The Court agrees with the reasoning in *Hernandez*, and concludes that failure to state a claim can be raised as an affirmative defense under a plain interpretation of the Federal Rules of Civil Procedure.")

The reasoning of the courts holding that failure to state a claim can be plead as an affirmative defense is more persuasive. A plain reading of Federal Rule of Civil Procedure 12 supports the interpretation that failure to state a claim is a defense that may be asserted in an answer. Rule 12(b) states that "[e]very defense to a claim for relief in any pleading *must* be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b) (emphasis added). Rule 12(b) goes on to specifically enumerate "failure to state a claim upon which relief can be granted" as

1  a defense that may be asserted by motion. Fed. R. Civ. P. 12(b).  Accordingly, Rule

2  12(b) recognizes failure to state a claim as a defense that may be asserted in a

3  motion or in a responsive pleading.

4      Furthermore, Rule 12(h) expressly states:

5      (h) Waiving and Preserving Certain Defenses.

6      ...

7          (2) When to Raise Others. Failure to state a claim upon which relief can

8          be granted ... may be raised:

9              (A) in any pleading allowed or ordered under Rule 7(a)

10

11  An answer to a complaint is one of the pleadings allowed or ordered under Rule

12  7(a). Fed. R. Civ. P. 7(a)(2). Accordingly, Rule 12(h) clearly provides that failure to

13  state a claim is a defense that may be asserted in an answer.

14      Neither Fallbrook nor the Nasres should be penalized for being cautious and

15  asserting failure to state a claim as an affirmative defense. Moreover, by definition,

16  asserting failing to state a claim as an affirmative defense could not possibly

17  prejudice Plaintiff since he asserts that he has an affirmative burden of stating his

18  claim. Thus, the Court should decline to strike it.

19

20      **2.    Lack of Standing (Fallbrook's Second Affirmative Defense and**

21  **Nasres' First Affirmative Defense)**

22

23      Plaintiff argues that lack of standing is not an affirmative defense at all but

24  rather that standing is an element of his prima facie case.  While this may be true,

25  Fallbrook and the Nasres have adequately put Plaintiff on notice of this defense,

26  which is legally sufficient.

27      To have standing, a plaintiff must have (1) suffered an injury in fact, (2) that

28  is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An ADA plaintiff's standing to sue is limited to "barriers related to his [or her] disability." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 944 (9th Cir. 2011); *Gutherman v. 7-Eleven, Inc.*, 278 F. Supp. 2d 1374, 1378 (S.D. Fla. 2003) ("A plaintiff has standing to raise only those claimed violations that pertain to his or her particular disability."). To have suffered an injury in fact, Plaintiff must demonstrate an intent to return to the subject property. *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1168 (C.D. Cal. 2005) (general plans to return in ADA barrier cases are insufficient to confer standing). Discovery will demonstrate the extent of Plaintiff's alleged disability and intent to return to the property.

Accordingly, many courts have upheld the lack of standing as an affirmative defense, rejecting the exact same argument Plaintiff raises here: that a denial pleaded as an affirmative defense must be stricken. *See Kohler v. Bed Bath & Beyond* ("*Kohler v. BBB*"), No. CV 11-4451 RSWL (SPx), 2012 WL 424377, *3 (C.D. Cal. Feb. 8, 2012) ("While standing is an essential element of a plaintiff's claims, some courts have recognized it as an affirmative defense."); *accord, Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2G12 WL 1511748, at *5 (C.D. Cal. Apr. 30, 2012); *Rush v. Islands Rest., LP*, Case 3:11-CV-01312-LAB (POR), *2 (S.D. Cal. (Jan. 13, 2012) (plaintiff's argument that lack of standing is not a "true affirmative defense…lacks any merit").

Even if this Court finds that the defenses are mislabeled as *affirmative* defenses, mere mislabeling does not justify striking the defenses. *Islands Restaurants*, 280 F.R.D. at 567; *accord*, *Kohler v. In-N-Out Burgers*, No. 2:12-cv-05054-GHK-JEM (Dkt. 20) (S.D. Cal. Oct. 15, 2012), *2 (upholding lack of standing and failure to state a claim affirmative defenses, reasoning "mere mislabeling does not warrant our striking of this defense").

Because Defendants asserted lack of standing in their answer, Plaintiff now has notice of this defense. Plaintiff can suffer no prejudice because he claims

1  standing is part of his prima facie case.

2

3  **3.     Statute of Limitations (Fallbrook's Third Affirmative Defense)**

4

5        Plaintiff argues that Fallbrook's statute of limitation defense "provides no

6  factual basis for its assertion and contravenes clearly alleged facts" as to the timing

7  of Plaintiff's visit.  Fallbrook is not beholden to Plaintiff's representation of when he

8  allegedly visited the subject property.  If and when Plaintiff did so is a factual issue

9  for the jury.

10       "Moreover, the statute of limitations defense, like the failure to state a claim

11  defense, is a straightforward defense that generally does not require the allegation of

12  new or different facts to give a plaintiff fair notice of the defense." *Shonda Myers v.*

13  *Real Time Resols., Inc.*, No. EDCV 16-182 JGB (SP), 2016 WL 11746541, at *3

14  (C.D. Cal. Oct. 18, 2016); *see also Daingerfield Island Protective Soc. v. Babbitt*, 40

15  F.3d 442, 445 (D.C. Cir. 1994) (holding that statute of limitations defense was

16  properly pled by its bare assertion).  Requiring Defendant to go through the trivial

17  steps of making "upon information and belief" allegations that the conduct at issue

18  occurred outside the limitations period would be a waste of time and would serve no

19  practical purpose. Plaintiff suffers no substantial prejudice in the absence of these

20  allegations.  *E & J Gallo Winery v. Grenade Beverage LLC*, No. 1:13-CV-00770-

21  AWI, 2014 WL 641901, at *3 (E.D. Cal. Feb. 18, 2014).

22

23  **4.     Not Readily Achievable (Fallbrook's Fourth Affirmative Defense**

24  **and Nasres' Seventh Affirmative Defense)**

25

26       Fallbrook's fourth affirmative defense and Nasres' seventh affirmative

27  defense allege that the modifications sought are not readily achievable.  Under the

28  ADA, removal of an architectural barrier is not readily achievable if it cannot be

easily accomplished or entails "much difficulty or expense." 42 U.S.C. § 12181(9). An entity satisfies the ADA "where [it] can demonstrate that the removal of a barrier . . . is not readily achievable" and that it can make such accommodations available "through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).   Thus, remediations being "not readily achievable" is a valid affirmative defense.  *See*, *e.g.*, *Access Now, Inc. v. South Florida Stadium Corp*., 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001) ("Courts addressing the issue generally agree that [42 U.S.C. § 12182(b)(2)(A)] subdivision (v) provides an affirmative defense.")  Courts have held that a bare statement that modifications are not readily achievable provides fair notice.  *See, e.g., Penney v. GNC Holdings Inc*., Case 8:14-CV-00928-JVS (ANx), *7 (C.D. Cal. Oct. 27, 2014) ("Moreover, to provide fair notice, GNC does not have to specify which alternative methods it was ready and willing to provide. *See, e.g., Rapp*, 2013 WL 358268 at *5"). To assert the affirmative defense that removal of architectural barriers was not readily achievable, a defendant does not need to specify when a facility was constructed or which features are at issue.  Plaintiff can investigate all this through discovery.

Ignoring these principles, Plaintiff claims that Defendants' affirmative defenses are deficient because they lack facts and therefore do not provide fair notice. Plaintiff is wrong.  The court in *Kohler v. BBB*, 2012 WL 424377, at *2, rejected this exact argument.  There, the court noted, "Plaintiff is correct when he states that Defendant has made a bare assertion [of not readily achievable] without additional facts to support the defense," but the court ruled that the defendant was not required to allege more at the pleading stage.  *Id.*  For these reasons, the Court should deny Plaintiff's motion to dismiss this affirmative defense.

**5.     Adequate Access (Fallbrook's Fifth Affirmative Defense and Nasres' Fourth Affirmative Defense)**

Fallbrook and the Nasres asserted for their fifth and fourth affirmative defenses, respectively, that Defendants provided adequate access to its business to persons with disabilities by using methods such as customer service.  The defense of providing "equivalent or effective access" is expressly codified by the standards implementing the ADA, the ADA Standards for Accessible Design (the "ADAAG") 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily accessible to the maximum extent feasible).  This is a proper affirmative defense.  *See Cherry v. City College of San Francisco*, C 04-4981 WHA, 2006 WL 6602454, **5-6 (N.D. Cal. Jan. 12, 2006) (recognizing the ADA's allowance for reasonable variances and equivalent facilitation).

Multiple courts have upheld this defense, rejecting the same arguments Plaintiff raises here. *See*, *e.g.*, *Kohler v. In-N-Out*, 2:12-cv-05054-GHK-JEM (Dkt. 20) ("We find that these authorities [28 C.F.R. §36.402 and Cal. Civ. Code § 55.56(c)] adequately support a defense of effective access and provide Plaintiff with fair notice of the defense"); *Kohler v. BBB*, 2012 WL 424377, **2-3 (equivalent facilitation and reasonable portion of facility accessible); *Kohler v. Big 5*, 2012 WL 1511748, *4 (equivalent facilitation); *Rush v. Abercombie*, 8:12-cv-00604-CJC-MLG, *1 (equivalent facilitation and reasonable portion of facility accessible).

One court from this district held as follows:

> Defendants allege that the features complained about provided "effective access" because "Plaintiff was able to access and use the feature at issue and/or because access was provided via alternative methods, including but not limited to ... alternative paths of travel." (Answer 6.) Plaintiff contends that Defendants' conclusory statement should be stricken because individual features are not identified. (PL's Mot. 6.) The Court agrees with Defendants that "effective access" is a legally sufficient defense under the ADA. *See* The 1991 Americans with Disabilities Act Accessibility Guidelines for Buildings and

Facilities ("ADAAG") 4.1.2[2] (requiring at least one accessible route to connect accessible buildings and facilities). According to the ADAAG, even if one route is inaccessible, Defendants are not liable under the ADA, if effective access is achieved via another route. The Court finds that Defendants provide fair notice of the nature and grounds of the defense.

*Rapp v. Lawrence Welk Resort*, No. 12-CV-01247 BEN WMC, 2013 WL 358268, at *3 (S.D. Cal. Jan. 28, 2013).

Therefore, the Court should deny Plaintiff's motion to strike Fallbrook's fifth affirmative defense and the Nasres' fourth affirmative defense.

### 6.   Undue Burden (Fallbrook's Sixth Affirmative Defense)

Plaintiff claims that Fallbrook's "undue burden" defense fails for lack of fair notice.  Plaintiff is mistaken. The undue burden defense is included in 42 U.S.C. § 12182(b)(2)(A)(iii), which provides that covered entities must "take such steps as may be necessary to ensure that no individual with a disability is . . . treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would . . . result in an undue burden." *See also* 28 C.F.R. § 36.303.  Courts have upheld this affirmative defense.  *See, e.g., Rutherford v. Evans Hotels*, 18-CV-435, 2019 WL 1900889, at *3 (S.D. Cal. Apr. 29, 2019); *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at *6 (C.D. Cal. Apr. 30, 2013).

In *Vogel,* the defendant in an ADA case asserted as affirmative defenses undue burden, barrier removal not readily achievable, structural impracticality, and fundamental alteration.  2013 WL 1831686, at *6.  The plaintiff argued that these four affirmative defenses all were devoid of facts and failed to provide fair notice. Like here, the plaintiff had alleged issues with, among other things, parking signage and parking spaces.  *Id.*  The court denied the plaintiff's motion to strike the four

defenses, explaining as follows:

> These four defenses all portray different defenses as to why the purported barriers could not be removed or altered. It is quite clear that the discovery in this case will center on the factual issues of the existence and nature of barriers, the ability to readily achieve the removal of those barriers and the like. Clearly the parties understand that these are critical issues and that the facts relating to those issues will be developed in discovery.

*Id.*

Therefore, Fallbrook's undue burden defense is properly plead and gives Plaintiff fair notice. The parties can investigate this defense in discovery.

### 7. De Minimus Variations (Fallbrook's Seventh Affirmative Defense and Nasres' Fifth Affirmative Defense)

In the ADA context, the argument that variations from certain architectural or construction standards that fall within a "dimensional tolerance," or are de minimis, is recognized as a valid affirmative defense. *See, e.g., Cherry*, 2006 WL 6602454, at *6; *see also Kohler v. Big 5 Corp.*, 2012 WL 1511748, at *4 (denying the plaintiff's motion to strike the defendant's affirmative defense of "dimensional tolerances," finding it was adequately pled). Other courts have held that compliance with dimensional tolerances is a valid affirmative defense. *See Islands Restaurant*, 280 F.R.D. at 569-70 ("Until this disparity in the law is resolved, the Court finds Islands is entitled to state its defense in its answer . . . Moreover, Islands' present statement of its twenty-fourth defense provides fair notice to Kohler")"; *Kohler v. BBB*, 2012 WL 424377, *2 ("de minimus deviations and reasonable portion of facility accessible, are properly pled and recognized defenses"); *Rush v. Abercombie*, **1-2 (accord). In these cases, the defendants merely asserted the de minimus or dimensional tolerances defenses, and the defenses were upheld as sufficiently pled.

In *Cota*, 2020 WL 6083423, at *4, an ADA plaintiff argued that a "de minimus" defense should be stricken because the defendant failed to include factual allegations stating, "the basis for Defendant's conclusory statement that the barriers at issue are *de minimis.*" *Id.* The court rejected this argument, pointing to the Ninth Circuit's holding in *Kohler* that the fair notice standard "only requires describing the defense in 'general terms.'" *Id.*

The rulings of the courts upholding this affirmative defense make sense, especially under these circumstances. Given that the dimensional tolerances defense potentially applies when there are minor deviations from access requirements, and further given that Plaintiff alleges numerous alleged barriers, Defendants cannot be expected to have completed this type of detailed analysis at this early juncture in litigation.

Accordingly, the Court should deny Plaintiff's motion to strike this affirmative defense.

### 8.   Failure to Mitigate Damages (Fallbrook's Eighth Affirmative Defense)

Plaintiff attacks Fallbrook's defense of failure to mitigate damages, arguing that it fails to provide fair notice given the lack of facts. Plaintiff is wrong. "A generalized statement meets a party's pleading burden with respect to a damage mitigation affirmative defense." *L.F. by & through Brown v. City of Stockton*, No. 2:17-CV-01648-KJM-DB, 2018 WL 3817558, at *3 (E.D. Cal. Aug. 10, 2018); *see also Bd. of Trustees of San Diego Elec. Pension Tr. v. Bigley Elec., Inc.*, No. 07CV634 IEGLSP, 2007 WL 2070355, at *3 (S.D. Cal. July 12, 2007) ("[C]ourts have typically held that a generalized statement, such as the one used in the instant case, meets defendant's pleading burden with respect to the affirmative defense of damage mitigation.") (collecting cases); *Hernandez,* 2007 WL 1649911, at *6-8

(denying motion to strike defendant's allegation that "[plaintiff] failed to mitigate [damages]," which plaintiff argued was a bare statement that provided no notice); *Kohler v. In-N-Out Burgers*, No. 2:12-cv-05054-GHK-JEM, *5 (declining to strike defense of failure to mitigate damages in ADA case); *Rapp*, 2013 WL 358268, at *7 (same).

Plaintiff also argues that the defense fails because he has not asserted any claim for damages.  But Plaintiff's Complaint is not so clear.  Plaintiff seeks "all other appropriate relief under the ADA," and while he states that he "does not seek injunctive relief under the Unruh Act or Disabled Persons Act," he makes no such concession as to damages under those Acts.  (Complaint, Dkt. 1, p. 14.)  In *Williams v. El Camaron, LLC*, No. CV 19-2689-RSWL-(EX), 2019 WL 4081056, at *3 (C.D. Cal. Aug. 29, 2019), the court held that where, just as here, the plaintiff vaguely sought "*all other appropriate relief* under the ADA," the Court could not conclude that the plaintiff did not seek actual damages and therefore denied his motion to strike the affirmative defense of failure to mitigate damages.

For these same reasons, the Court here should deny Plaintiff's motion to strike.

## 9.    Excessive Fines (Fallbrook's and Nasres' Ninth Affirmative Defense)

The Court should deny Plaintiff's motion to strike Fallbrook's and the Nasres' ninth affirmative defense that statutory minimum damages in this matter would violate Defendants' Eight Amendment protection against excessive fines for the same reasons that relate to the defense of failure to mitigate damages.  Plaintiff ambiguously seeks "all other appropriate relief under the ADA," and while he states that he "does not seek injunctive relief under the Unruh Act or Disabled Persons Act," he makes no similar concession that he does not seek damages under those

Acts.  (Complaint, Dkt. 1, p. 14.)

### 10. Not Legally Responsible for Property Outside Control (Fallbrook's and Nasres' Tenth Affirmative Defense)

The ADA imposes compliance obligations on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Thus, Fallbrook may properly assert as an affirmative defense that it is not liable for property not within its possession, custody, or control.

Plaintiff argues that Fallbrook's and Nasres' answers provide no "fact to identify *if* or *where* upon the property such areas exist."  (Mot., Dkt 9-1, p. 7.)  But that is a subject for investigation and discovery.  Defendants' have provided Plaintiff fair notice of the defense.

### 11. Good Faith (Fallbrook's Eleventh Affirmative Defense)

As its eleventh affirmative defense, Fallbrook asserted, "Defendant has made good faith efforts to comply with the ADA . . ., including providing appropriate alternative access."  Plaintiff argues that Fallbrook's good faith defense "is not legally cognizable and is therefore immaterial" to his ADA claim.  (Mot., Dkt 9-1, p. 7.)  Plaintiff is wrong.  Numerous courts have recognized good faith as a proper affirmative defense in ADA accessibility cases and denied motions to strike this defense.  *See, e.g., Cota*, 2020 WL 6083423, at *8 ("[T]he Court believes that the defense of good faith is a valid defense, and Defendant has pled sufficient facts to provide Plaintiff fair notice."); *Rutherford*, 2019 WL 1900889 (denying a motion to strike good faith affirmative defense in an ADA case); *Islands Restaurants, LP*, 280 F.R.D. 560, 570 (S.D. Cal. 2012) (same); *Oliver v. In-N-Out Burgers*, No. 12-CV-767-H (DHB), 2013 WL 12415762, at *2 (S.D. Cal. Jan. 16, 2013) (same); *Kohler*

1  *v. BBB*, 2012 WL 424377, *2.  This Court should likewise deny Plaintiff's motion to
2  strike the good faith defense.

3

4      **12.    Laches (Fallbrook's Twelfth Affirmative Defense)**

5

6      Fallbrook alleges as its twelfth affirmative defense that Plaintiff's claims are
7  barred by laches.  Plaintiff concedes laches is a valid defense but argues that
8  Fallbrook has not provided adequate facts supporting it.  Plaintiff is mistaken.
9  Fallbrook is not required to plead detailed facts supporting this affirmative defense
10 at this juncture.  *See* Section II B, *supra*.  Further, Plaintiff's own complaint
11 identifies when he visited the subject property and how long he delayed before filing
12 suit.  Plaintiff has fair notice, and the Court should deny his motion as to the laches
13 defense.

14

15     **13.    Unclean Hands (Fallbrook's Thirteenth Affirmative Defense)**

16

17     Plaintiff claims that Fallbrook's "unclean hands" defense lacks facts and fails
18 to provide fair notice. Plaintiff's argument lacks merit. Numerous courts have held
19 that the unclean hands defense applies in ADA cases. *See, e.g., Kohler v. BBB,* 2012
20 WL 424377, *2; *Figueroa v. Baja Fresh Westlake Villages, Inc*., CV-12-769 (C.D.
21 Cal. May 24, 2012) (declining to strike unclean hands defense in ADA/Unruh Act
22 lawsuit), *Oliver*, 2013 WL 12415762, at *2 (same); *Rapp*, 2013 WL 358268, at *4
23 (same); *Kohler v. In-N-Out Burgers*, 2:12-CV-05054 (same).
24     Unfortunately, because litigation abuse of the ADA by serial plaintiffs is so
25 widespread, Fallbrook is entitled to pursue this defense in discovery.  Fallbrook has
26 properly pleaded the defense and it gives Plaintiff fair notice.

27

28

**14. Estoppel (Fallbrook's Fourteenth Affirmative Defense)**

Plaintiff concedes that estoppel is a valid affirmative defense but argues again that Fallbrook did not provide sufficient factual support. The court in *Brooks v. Vitamin World USA Corp.*, No. 20-CV-01485-MCE-KJN, 2021 WL 4777014, at *3 (E.D. Cal. Oct. 13, 2021), rejected this argument and denied the plaintiff's motion to strike the defense. The court held that the defendant's estoppel defense, "despite being vague and general," properly put the plaintiff on notice. *Id.* Similarly, in *Vogel*, 2013 WL 1831686, at *5, the court denied a motion to strike an estoppel affirmative defense, concluding as follows:

> Plaintiff seeks to strike these affirmative defenses [of unclean hands, waiver, laches, and estoppel] because they fail to provide fair notice. Defendants assert these defenses in a conclusory manner, providing no factual support in any way. While that is true, these are potentially viable affirmative defenses, the nature of the defenses is well known, and Plaintiff can seek discovery regarding the purported factual basis for these defenses.

*Id.* at *5.

As in *Brooks* and *Vogel,* here the Court should find that Fallbrook's estoppel defense provides fair notice to Plaintiff and deny the motion to strike.

**15. Mootness (Nasres' Second Affirmative Defense)**

The Nasres allege as their second affirmative defense that Plaintiff's claims under the ADA are moot. This is because the barriers alleged by Plaintiff, if any, are not legally sufficient to be enjoined because Defendants have remediated them. The only remedy available to Plaintiff for a violation by Defendants of the ADA is injunctive relief. *See* 42 U.S.C. § 12188(a)(1); *Wander v. Kraus*, 304 F.3d 856, 858 (9th Cir. 2002). If there are no architectural barriers in existence at the time the

1  Court is asked to provide injunctive relief, Plaintiff's ADA claim becomes moot

2  because there is no basis for relief and nothing for the court to order the facility to

3  change.  *See Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 905 (9th Cir. 2011)

4  ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of

5  the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers

6  prior to trial can have the effect of mooting a plaintiff's ADA claim.")

7       Plaintiff does not dispute this rule; he effectively concedes that mootness is a

8  valid defense to his ADA claims.  Rather, he asserts that the defense is insufficient

9  here "in that it fails to provide any facts to afford Plaintiff with fair notice" of *which*

10 barriers have been remedied or why they are moot.  (Mot., Dkt 9, p. 10.)  Plaintiff is

11 mistaken.  In *Rapp,* the court rejected the precise argument Plaintiff makes here,

12 explaining, "Defendants do not have to identify each individual barrier. Fair notice

13 is given since they have alleged the basis for the mootness defense-the remediation

14 of the alleged accessibility barriers." 2013 WL 358268, at *6; *see also DeSalvo v.*

15 *Islands Restaurants, L.P.*, No. 2:20-CV-2620-VAP-EX, 2020 WL 4035071, at *4

16 (C.D. Cal. July 16, 2020) (denying plaintiff's motion to strike mootness affirmative

17 defense when defendant had not identified which barriers had been remedied).

18       Therefore, the Nasres' mootness defense is a legally sufficient, cognizable

19 defense.

20

21     **16.   Maximum Feasibility Standard (Nasres' Sixth Affirmative Defense)**

22

23       For their sixth affirmative defense, the Nasres assert, "Plaintiff's claims are

24 barred because the alterations made by the lessee are sufficient to satisfy the

25 maximum feasibility standard."  The ADA requires any alteration made to a place of

26 public accommodation be made to ensure that, to the maximum extent feasible, the

27 altered portions of the facility are readily accessible to and usable by individuals

28 with disabilities.  42 U.S.C.A. § 12183(a) (2). This a valid affirmative defense that

provides Plaintiff fair notice.

Plaintiff again apparently concedes that this is a valid defense, but he argues that "this defense does not identify **which** of the alleged barriers have been altered to bring them into ADA standards and does not provide any facts as to **how**." (Mot., Dkt. 9, pp. 10-11.)  The Nasres need not do so.  In *Rapp,* the court rejected the same argument Plaintiff makes.  The court explained as follows:

> Plaintiff contends that Defendants have to show whether the challenged facilities are altered.  [Citation.]  The ADA imposes liability on defendants who fail to make alterations readily accessible to and usable by individuals with disabilities to the maximum extent feasible. 42 U.S.C.A. § 12183(a) (2). Thus, "maximum extent feasible" is a legally sufficient defense, and there is no need for Defendants to allege the details of alteration in their answer. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Fifth Affirmative Defense.

*Rapp*, 2013 WL 358268, at *4; *see also Vogel*, 2013 WL 1831686, at *5 ("Defendants assert that these defenses are taking advantage of the Americans with Disabilities Act Accessibility Guidelines and the provision in the Code of Federal Regulations that access must be provided "to the maximum extent feasible," 28 C.F.R. § 36.402(a)(1). [Citation] Courts have routinely allowed such an affirmative defense to withstand a motion to strike.").

Therefore, the Court should deny Plaintiff's motion to strike the Nasres' sixth affirmative defense.

## C.   <u>To the Extent the Court Strikes Any of Defendants' Affirmative Defenses, Defendants Should Be Granted Leave to Amend.</u>

Leave to amend Defendants' Answer to cure perceived deficiencies, if any, should be granted. The role of pleadings is limited and leave to amend must be freely given unless the opposing party makes a showing of undue prejudice.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).  Thus, if the Court strikes any of Defendants' affirmative defenses, then

1  Defendants respectfully request that the Court grant them leave to amend.

2

3  **IV.**    **CONCLUSION**

4

5      For these reasons, Defendants jointly and respectfully request that the Court

6  deny Plaintiff's motion.

7

8

9  DATED: November 1, 2021                    BRADSHAW LEGAL

10

11                                        */s/ Beverly Bradshaw*
                                          By: Beverly Bradshaw
12

13

14                                        SCHNEIDERS & ASSOCIATES LLP

15

16                                        */s/Georgianna Regnier*
                                          By: Georgianna Regnier
17

18

19

20

21

22

23

24

25

26

27

28