**CORNELL**
LAW OFFICES OF ROSS CORNELL
APC

Ross Cornell, Esq.   (SBN 210413)
Post Office Box 1989, Suite 305
Big Bear Lake, CA 92315
rc@rosscornelllaw.com
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorneys of Record for Plaintiff,
Bryan Estrada

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Estrada,<br><br>          Plaintiff,<br><br>     v.<br><br>Fallbrook Animal Hospital, et al.<br><br>          Defendants. | Case No.: 3:21-CV-01553-L-BGS<br>Hon. John M. James Lorenz<br>Hon. Bernard G. Skomal<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES FROM THE ANSWERS FILED BY DEFENDANT FALLBROOK ANIMAL HOSPITAL, INC. AND DEFENDANTS NABIL AND SUSAN NASRE PURSUANT TO FRCP 12(f)**<br><br>Date:  November 15, 2021<br>Time: 10:30 a.m.<br>Courtroom: 5B<br><br><u>Pursuant to the Local Rules there will be no oral argument unless ordered by the Court</u> |

- 1 -

**PLAINTIFF'S REPLY ISO MOTION TO STRIKE AFFIRMATIVE DEFENSES**

# REPLY

### 1. The Affirmative Defenses Fail to Afford Fair Notice Under Applicable Standards

Defendants misstate the applicable standard for the required level of specificity in pleading affirmative defenses. Plaintiff's motion sets forth the relevant authority at length, which does not bear repeating here. Under the weight of authority as set forth in Plaintiff's motion, affirmative defenses must be pled to provide the plaintiff fair notice of the nature of the defenses. The defenses set forth by the Defendants are mere statements of legal conclusions with no supporting facts. They should be stricken where insufficient under FRCP 12(f).

### 2. Plaintiff Is Not Required To Argue Prejudice Regarding "Insufficient" Affirmative Defenses

Defendants argue that Plaintiff's motion should be denied because Plaintiff has not shown that the inclusion of insufficient defenses "causes prejudice." This argument is routinely rejected. Although some cases, like the Defendants' proffered *Harris v. Chipotle Mexican Restaurant, Inc*. 303 F.R.D. 625, 628 (E.D. Cal. 2014), generally suggest that a motion to strike must be accompanied by a "showing of prejudice," the Defendants fail to recognize that in most of those cases (as Judge Patel recognized in *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program* 718 F.Supp.2d 1167 (N.D. Cal. 2010)), the party moving to strike attempted to do so pursuant to the "redundant, immaterial, impertinent, or scandalous matter," not the "insufficient," portion of Rule 12(f). *Barnes*, 718 F.Supp.2d at 1173. Thus, a showing of prejudice is not

required to strike a pleading pursuant to the "insufficient" portion of Rule 12(f). *Hayden v. United States*, 2015 WL 350665, at *2 (D. Or. 2015); *Bottoni v. Sallie Mae, Inc.*, 2001 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011). In addition, the vast majority of cases recognize that even if a showing of prejudice was required, the prospect of expensive and potentially unnecessary and irrelevant discovery is more than sufficient prejudice to justify a motion to strike. *Barnes*, 718 F. Supp. 2d at 1173; *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *5 (N.D. Cal. 2013); see also *Ganley v. County of San Mateo*, 2007 WL 902551, at *1 (N.D. Cal. 2007) (motions to strike are proper even if their only purpose is to make the issues less complicated and "streamline the ultimate resolution of the action").

### 3. The Defendants' Effort to Increase the Cost of Litigation By Requiring Discovery on Factually Unsupported Defenses Is Improper

Although many courts have held that no showing of prejudice is required on a motion to strike insufficient affirmative defenses, the courts have recognized that "the obligation to conduct expensive and potentially unnecessary and irrelevant discovery" regarding insufficient affirmative defenses "is a prejudice." *Hayden*, 2015 WL 350665, at *2 ("A showing of prejudice is not required to strike an 'insufficient' portion of the pleading as opposed to 'redundant, immaterial, impertinent, or scandalous matter' under Rule 12(f)"); see also *Minns v. Advanced Clinical Employment Staffing LLC*, 2014 WL 5826984, at *2 (N.D. Cal. 2014). To the extent the Defendants argue that it is a waste of time, money, and judicial resources to allow a plaintiff to move to strike insufficient affirmative defenses, most courts have rejected this argument, finding the opposite to be

true — prohibiting defendants from asserting factually insufficient affirmative defenses saves time, money, and judicial resources. *Barnes*, 718 F. Supp. 2d at 1173; *Hernandez v. Dutch Goose, Inc.*, 2013 WL 5781476, at *5 (N.D. Cal. 2013); see also *Ganley v. County of San Mateo*, 2007 WL 902551, at *1 (N.D. Cal. 2007) (motions to strike are proper even if their only purpose is to make the issues less complicated and "streamline the ultimate resolution of the action").

The purpose of discovery is not to discover the bare minimum facts of a claim or defense. *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D. Fla. May 29, 2008). Rather, the intended function of discovery is to find out additional facts about a well-pleaded defense, not to find out whether such a defense exists. Striking affirmative defenses aids in alleviating the overburdened federal docket by eliminating meritless issues at the earliest possible stage of the case. *Fed. Deposit Ins. Corp. v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *2 (S.D. Fla. Aug. 13, 2009) (recognizing the importance of eliminating insufficient defenses at the earliest possible stage of the proceedings). Indeed, unsupported affirmative defenses do nothing more than clutter the federal court's docket. *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (recognizing that the common practice of pleading unsupported, irrelevant affirmative defenses "create[s] unnecessary work" for the courts). Propounding discovery to ascertain the basic facts underlying blindly asserted defenses is not efficient, and certainly would not minimize attorney time expenditure. Unsupported, boilerplate affirmative defenses thus have a negative impact on litigation costs, an additional form of

"prejudice" to the parties. *HCRI TRS Acquirer, LLC*, 708 F. Supp. 2d at 691; see also *Nixson v. The Health Alliance*, No. 1:10-CV-00338, 2010 WL 5230867, at *2 (S.D. Ohio Dec. 16, 2010). Accordingly, the Defendants' argument that their boilerplate defenses can be "investigated in discovery" is routinely rejected and, rather, acknowledged as the kind of prejudice Rule 12 is designed to avoid.

### 4.  Conclusion

It is unfortunate that Defendants have been unwilling to spend as much time properly pleading details sufficient to afford fair notice to the Plaintiff and weeding out irrelevant defenses as they have been opposing Plaintiff's motion. Defendants' lengthy efforts to justify their improper, paper-thin and factually bereft defenses aside, Plaintiff submits that the defenses that are the subject of his motion to strike should be stricken for the reasons set forth herein and in Plaintiff's motion.

Respectfully submitted,
Dated: November 2, 2021

**LAW OFFICES OF ROSS CORNELL, APC**

By:  /s/ Ross Cornell
    Ross Cornell, Esq.,
    Attorneys for Plaintiff,
    BRYAN ESTRADA

**PLAINTIFF'S REPLY ISO MOTION TO STRIKE AFFIRMATIVE DEFENSES**