Ross Cornell, Esq.   (SBN 210413)
LAW OFFICES OF ROSS CORNELL, APC
Email:  *rc@rosscornelllaw.com*
P.O. Box 1989 # 305
Big Bear Lake, CA 92315
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorney of Record for Plaintiff,
Bryan Estrada

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Estrada,<br><br>Plaintiff,<br><br>v.<br><br>Fallbrook Animal Hospital, Inc., et al.,<br><br>Defendants. | Case No.<br><br>3:21-cv-01553-L-BGS<br><br>**PLAINTIFF'S EARLY NEUTRAL EVALUATION CONFERENCE STATEMENT**<br><br>[To Be Lodged Not Filed]<br><br>Date:  12-6-21<br>Time:  2:00 p.m.<br>Dept:  Via Zoom |

I.    **ADA VIOLATIONS**

A.    The Subject Property lacks the minimum required number of ADA compliant accessible parking spaces (there are none).

B.    There was no diagonal striped marking and no blue border around where an access aisle is supposed to exist adjacent to any designated accessible parking space serving the Subject Property (there are no blue-striped access aisles).

C.    The parking spaces provided at the Subject Property are smaller than permitted by the ADA.

-1-
**PLAINTIFF'S EARLY NEUTRAL EVALUATION CONFERENCE STATEMENT**

D. The parking spaces at the Subject Property do not provide accessible parking signage as required by the ADA. Among other things, they fail to provide tow-away signage and "Minimum Fine $250" signage as required by the ADA and state law to be posted.

E. The parking spaces at the Subject Property do not provide the universal symbol of accessibility.

F. There is no twelve-inch high "NO PARKING" lettering on any blue-striped parking access aisle serving the Subject Property.

G. There was no designated "van accessible" parking space with a corresponding 96" access aisle opposite the driver's side when the vehicle is going forward into the parking space and no sign or additional language stating "Van Accessible" below the symbol of accessibility located in a manner that is not obstructed.

H. The curb cuts or curb ramps serving the Subject Property were inaccessible insofar as they were impermissibly steep (the ramp to the main entrance is at an excessive slope).

I. There were no accessible paths of travel from public transportations stops, accessible parking, public streets and sidewalks to the building entrances serving the Subject Property.

J. The accessible paths of travel serving the Subject Property contain areas where the slope exceeds the maximum slope permitted by the ADA.

K. The property has handrails that do not extend past the ramp. Handrails must be between 34 inches and 38 inches above the ramp surface and must extend beyond the top and bottom of the ramp run 12 inches horizontally. The 12 inches horizontal extensions must not include the radius at the top end of round handrails. Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent ramp run.

L. The handrail is not smooth and free of abrasive elements. Handrail gripping surfaces and any surfaces adjacent to them shall be free of sharp or abrasive elements and shall have rounded edges.

M. At the main entrance doorway, the threshold is greater than 1/2 inch high. The threshold at a doorway shall be no higher than ½ inch. Changes in level between 1/4 inch and ½ inch must be beveled at 1:2 or less. ¼ inch is the maximum vertical rise.

N.   The floor mat at the door is not secured in place. If carpet or carpet tile is used on a ground or floor surface, then it shall be securely attached; have a firm cushion, pad or backing or no cushion or pad; and have a level loop, textured loop, level-cut pile or level-cut/uncut pile texture. The maximum pile height shall be 1/2 inch. Exposed edges of carpet shall be fastened to floor surfaces and have trim along the entire length of the exposed edge. Recessed doormats shall be adequately anchored to prevent interference with wheelchair traffic.

## II.   DAMAGES

Plaintiff has not made any damages claims in this action to date.  Plaintiff does claim entitlement to statutory minimum damages under the Unruh Act and has reserved the right to bring a claim for damages in state court.

## III.   ATTORNEY'S FEES AND COSTS

Plaintiff claims ten thousand seven hundred dollars $10,700.00 inclusive of all costs and attorney's fees through appearance at the evaluation conference.

## IV.   SETTLEMENT DEMAND

Remediation of the foregoing barriers within six months and a one-time payment of $8,750.00 due within ten days of a written settlement agreement having been executed.[1]

Dated: November 15, 2021     LAW OFFICES OF ROSS CORNELL, APC

By:  /s/ *Ross Cornell*
Ross Cornell, Esq.,
Attorneys for Plaintiff,
Bryan Estrada

---

[1] A substantially reduced settlement offer was communicated to the Defendants in writing on November 8, 2021.  As of the time this document was prepared, the offer had not been accepted and was set to expire at 12:00 noon on November 15, 2021.